IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **TANYA RODIE,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC and CAPITAL ONE BANK (USA), N.A.,**<br><br>**Defendants.** | Civil Case Number:<br><br><u>CIVIL ACTION</u><br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.  Identity theft has long been a widespread problem in this country. Over the past decades, identity theft has emerged as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resulting harm caused to their credit reports.[2] Frequently, identity theft is perpetrated by an individual close to the victim, including family members.[3]

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults Merrick Banked they were the victims of identity theft, with 9.91 million adults Merrick Banking they were victims in 2003 alone. *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http:// www.ftc.gov/os/2003/09/synovatereport.pdf).
[3] *See*, *David Lukic*, Family Identity Theft: What to Do If a Family Member Steals Your Identity, April 14, 2022, available at https://www.idstrong.com/sentinel/family-identity-theft/#:~:text=They%20could%20use%20their%20social,are%20perpetrated%20by%20family%20members. ("The FTC estimates that nine percent of stolen identity crimes are perpetrated by family members")

-1-

2. Plaintiff, Tanya Rodie, has been the unfortunate victim of identity theft at the hands of her ex-boyfriend. Specifically, upon information and belief, this individual fraudulently opened an account with Capital One under Plaintiff's name, without her knowledge or authorization and while she was incarcerated. This account has destroyed Ms. Rodie's credit with the reporting of this account negatively as a result.

3. Rather than working with Ms. Rodie to rectify this unfortunate situation, each of the Defendants refuse to remove this fraudulent account from her credit report, despite the Plaintiff specifically disputing these fraudulent items. Instead, the Defendants have continued to willfully and negligently harm the Plaintiff's credit report by continuing to associate this fraudulent account with the Plaintiff, thereby severely impacting Plaintiff's life and her ability to obtain credit.

4. Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging Equifax Information Services, LLC, Experian Information Solutions, Inc., Transunion, LLC and Capital One have been negligently, recklessly and knowingly disseminating false information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with this fraudulent account, particularly after the Plaintiff mailed letters to Defendants specifically advising them of this issue and submitting the necessary supporting documentation.

5. Plaintiff further alleges that the consumer reporting agencies Transunion, Equifax and Experian failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

6. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

**JURISDICTION**

7. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper in this judicial District pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

9. Plaintiff, Tanya Rodie ("Plaintiff"), is a resident of Macon, Missouri and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

12. Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Experian is a corporation with its headquarters located in Costa Mesa, California.

14. Defendant Trans Union, LLC ("Transunion") is also one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and

disseminating credit reports concerning hundreds of millions of consumers. Transunion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

15. Transunion is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

16. Defendant Capital One Bank (USA), N.A. ("Capital One") is a national bank with its headquarters in Virginia.

## FACTUAL ALLEGATIONS

17. Sometime shortly before December of 2023, Plaintiff discovered she was the victim of identity theft at the hands of her ex-boyfriend. Around that same time, Plaintiff noticed that a Capital One account was appearing on her consumer credit reports from Equifax, Experian and Transunion (collectively the "CRAs"), that was opened without her knowledge or authorization to do so. In fact, at the time the account was opened, Plaintiff was incarcerated. The account being reported was Capital One – Account No. 517805912287. This fraudulent account was reported as delinquent, damaging Plaintiff's credit.

18. Accordingly, Plaintiff took appropriate action, including completing a sworn FTC Identity Theft Affidavit, in which she listed the account as it was appearing on her credit reports despite the fact that it was not opened with her knowledge or authorization.

19. Most recently, Plaintiff disputed this fraudulent account with the CRAs on or about December 28, 2023. In those disputes, Plaintiff clearly advised the CRAs that sshe was the victim of identity theft, and that this information should be removed and blocked.

20. With those disputes, Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

21. Upon information and belief, Defendant Capital One received notice of these disputes from the CRAs.

22. Following receipt of Plaintiff's dispute, Experian refused to investigate, correct or remove the fraudulent Capital One account from the Plaintiff's credit file. Instead, that information is still being reported to this day.

23. Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

24. Equifax also refused to investigate, correct or remove the fraudulent Capital One account from the Plaintiff's credit file. Instead, that information is still being reported to this day.

25. Upon information and belief, Equifax had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

26. Similarly, Transunion refused to investigate, correct or remove the fraudulent Capital One account from the Plaintiff's credit file. Instead, that information is still being reported to this day.

27. Upon information and belief, Transunion had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

28. The CRAs and Capital One were each notified of the respective disputes, but refused to investigate and/or remove inaccurate reporting.

29. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages

under 15 U.S.C. § 1681n.

30. Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

31. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

32. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her daily life, by the impact that this derogatory information has had on her credit score and her ability to secure credit.  For example, Plaintiff has been denied credit due to these derogatory inaccuracies.

33. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in her daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15  U.S.C. § 1681i
## AGAINST EQUIFAX

34. Plaintiff incorporates by reference all preceding paragraphs.

35. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

36. The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which

the agency receives the notice of the dispute from the consumer or reseller."
15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

37. On or about December 28 of 2023, the Plaintiff initiated a dispute with Equifax requesting that they correct and remove the specific fraudulent items in her credit file that were patently inaccurate and damaging to her, including the fraudulent Capital One account. Plaintiff provided information and documentation showing that she was the victim of identity theft and had not opened this account.

38. However, Defendant Equifax never adequately investigated the Plaintiff's disputes, as required by the FCRA.

39. Instead, Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

40. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST EQUIFAX

41. Plaintiff incorporates by reference all preceding paragraphs.

42. On or about December 28, 2023, Plaintiff initiated a dispute with Equifax requesting that they correct and remove the fraudulent Capital One account, as this account was fraudulently opened by an individual other than Plaintiff as a result of identity theft.

43. In support of this dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

44. Equifax refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

45. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Equifax continued to report this fraudulent information.

46. As a direct and proximate result of Equifax's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN

47. Plaintiff incorporates by reference all preceding paragraphs.

48. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

49. The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

50. On or about December 28 of 2023, the Plaintiff initiated a dispute with Equifax requesting that they correct and remove the specific fraudulent items in her credit file that were patently inaccurate and damaging to her, including the fraudulent Capital One account. Plaintiff provided information and documentation showing that she was the victim of identity theft and had

not opened this account.

51. However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

52. Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

53. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST EXPERIAN

54. Plaintiff incorporates by reference all preceding paragraphs.

55. On or about December 28, 2023, Plaintiff initiated a dispute with Experian requesting that they correct and remove the Capital One account, as this account was fraudulently opened by an individual other than Plaintiff as a result of identity theft.

56. In support of this dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

57. Experian refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

58. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Experian continued to report this fraudulent information.

59. As a direct and proximate result of Experian's willful and/or negligent refusal to

block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

**<u>COUNT V</u>**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANS UNION**

60. Plaintiff incorporates by reference all preceding paragraphs.

61. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

62. The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file*** in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

63. On or about December 28 of 2023, the Plaintiff initiated a dispute with Transunion requesting that they correct and remove the specific fraudulent items in her credit file that were patently inaccurate and damaging to her, including the fraudulent Capital One account. Plaintiff provided information and documentation showing that she was the victim of identity theft and had not opened this account.

64. However, Transunion never adequately investigated the Plaintiff's disputes, as required by the FCRA.

65. Instead, Transunion, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

66. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT VI
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681c-2
### AGAINST TRANS UNION

67. Plaintiff incorporates by reference all preceding paragraphs.

68. On or about December 28, 2023, Plaintiff initiated a dispute with Transunion requesting that they correct and remove the Citibank account, as this account was fraudulently opened by an individual other than Plaintiff as a result of identity theft.

69. In support of this dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

70. Transunion refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

71. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Transunion continued to report this fraudulent information.

72. As a direct and proximate result of Transunion's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT VII
### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 U.S.C. § 1681s-2(b)
### AGAINST CAPITAL ONE

73. Plaintiff incorporates by reference all preceding paragraphs.

74. Furnishers of credit information have a duty under the FCRA to investigate disputes

from consumers as to the accuracy of information being reported.

75. On or about December 28, 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Capital One.

76. Upon information and belief, Capital One received notice of these disputes from the credit bureaus.

77. Capital One was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

78. Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, Capital One refused to conduct a reasonable investigation and continued inaccurately reporting the multiple fraudulent accounts on Plaintiff's credit reports.

79. Capital One's conduct violated section 1681s-2(b) of the FCRA.

80. As a result of Capital One's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

81. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

D. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

E. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 5, 2024

By: /s/ Yitzchak Zelman
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*